IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OLIVER K. HUGHES,<br>TDCJ #1929487,<br><br>      Petitioner,<br><br>v.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal<br>Justice - Correctional<br>Institutions Division,<br><br>      Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-18-1650 |

## MEMORANDUM OPINION AND ORDER

Oliver K. Hughes (TDCJ #1929487) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) to challenge a conviction for aggravated robbery with a deadly weapon. Hughes has filed a Motion for Summary Judgment (Docket Entry No. 4) and a Memorandum of Law (Docket Entry No. 5) in support of his Petition for habeas relief under 28 U.S.C. § 2254. Respondent Lorie Davis has answered with a Motion for Summary Judgment With Brief in Support ("Respondent's MSJ") (Docket Entry No. 16), arguing that the Petition is barred by the governing one-year statute of limitations. Hughes has filed a Motion in Response to the Respondent's MSJ ("Petitioner's Response") (Docket Entry No. 17). After considering the pleadings, the state court records, and the applicable law, the court will grant Respondent's MSJ and will dismiss this action for the reasons explained below.

I. **Background and Procedural History**

In 2012 a grand jury in Harris County, Texas, returned an indictment against Hughes in case number 1348998, charging him with aggravated robbery with a deadly weapon — a firearm.[1] The indictment was enhanced for purposes of punishment as a habitual offender with allegations that Hughes had at least one prior felony conviction for burglary of a habitation.[2] On February 21, 2014, a jury in the 339th District Court of Harris County found Hughes guilty as charged and sentenced him to 17 years in prison.[3]

On direct appeal Hughes argued that the trial court erred by admitting evidence of extraneous offenses during the guilt/innocence phase of the proceeding without giving a timely limiting instruction.[4] After an intermediate court of appeals rejected those arguments, the Texas Court of Criminal Appeals refused Hughes' petition for discretionary review. See Hughes v. State, No. 01-14-00173, 2015 WL 1457951 (Tex. App. — Houston [1st Dist.] March 26, 2015, pet. ref'd) (unpublished).[5] Hughes'

---

[1]See Indictment, Docket Entry No. 15-5, p. 19. For purposes of identification, all page numbers refer to the pagination imprinted by the court's electronic filing system, CM/ECF.

[2]Id.

[3]Judgment of Conviction by Jury, Docket Entry No. 15-5, p. 200.

[4]Brief for Appellant, Docket Entry No. 15-14, pp. 3-4.

[5]Opinion, Docket Entry No. 15-4, pp. 1-16.

conviction became final on October 3, 2016, when the Supreme Court denied his petition for a writ of certiorari. See Hughes v. Texas, 137 S. Ct. 152 (2016).

On November 29, 2016, Hughes executed an Application for a State Writ of Habeas Corpus under Article 11.07 of the Texas Code of Criminal Procedure ("Application") to challenge his conviction further.[6] Hughes raised the following arguments:

1. He was denied effective assistance of counsel on appeal.

2. The prosecutor engaged in misconduct by admitting evidence of extraneous offenses.

3. He did not have the requisite mental state to support a conviction for aggravated robbery.

4. He was denied equal protection because he was subjected to selective or vindictive prosecution.

5. The content of a 911 call was admitted in violation of the Confrontation Clause.

6. The trial court gave an impermissible charge pursuant to Allen v. United States, 17 S. Ct. 154 (1896) (an "Allen charge") during the jury's deliberation.

7. The trial court abused its discretion by admitting certain evidence in violation of due process.

---

[6]Application, Docket Entry No. 15-26, pp. 75-76. The Application was not stamped as filed by the Harris County District Clerk's Office until January 12, 2017. See id. at 5. Using the date most favorable to Hughes, the court will treat the date that he signed the Application, November 29, 2016, as the filing date. See Richards v. Thaler, 710 F.3d 573, 578-79 (5th Cir. 2013) (acknowledging that the prison mail box rule, which treats the date that a pleading is delivered to prison authorities as the date of filing, applies to post-conviction proceedings) (discussing Campbell v. State, 320 S.W.3d 338, 339 (Tex. Crim. App. 2010)).

> 8. The prosecutor violated <u>Brady v. Maryland</u>, 83 S. Ct. 1194 (1963), by failing to disclose that a witness was bi-polar.[7]

The trial court found that the Application was subject to dismissal because it was not properly verified as required by Rule 73.1(g) of the Texas Code of Criminal Procedure.[8] The Texas Court of Criminal Appeals denied the Application without a written order on March 29, 2017.[9]

On May 8, 2018, Hughes submitted the pending Petition for federal habeas corpus relief under 28 U.S.C. § 2254 from his state court aggravated robbery conviction.[10] He asserts the same grounds for relief that were rejected on state habeas corpus review.[11] The respondent argues that the Petition must be dismissed as barred by

---

[7]Application, Docket Entry No. 15-26, pp. 10-17; Memorandum of Law in Support of Article 11.07 - V.A. Texas Criminal Code of Procedure Application, Docket Entry No. 15-26, pp. 26, 31, 38, 41, 47, 50, 60, and 71.

[8]State's Proposed Findings of Fact, Conclusions of Law, and Order on Application No. 1348998-A, Docket Entry No. 15-26, pp. 90-91.

[9]Action Taken on Writ No. 86,527-01, Docket Entry No. 15-20.

[10]The Petition, which was received for filing on May 17, 2018, is unsigned and undated. <u>See</u> Petition, Docket Entry No. 1, p. 12. The Petition was accompanied by a cover letter, however, which is dated May 8, 2018. <u>See</u> Cover Letter, Docket Entry No. 1-1, p. 1. In that letter, Hughes asserts that he gave his pleadings to a unit law library employee on that date, and that they were placed in the prison mail system for filing on May 14, 2018. <u>See</u> <u>id.</u> at 2. Using the date most favorable to Hughes, the court will use May 8, 2018, as the filing date.

[11]Petition, Docket Entry No. 1, pp. 6-9.

the governing one-year statute of limitations on federal habeas corpus review.[12]

## II. Discussion

### A. The One-Year Statute of Limitations

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[12]Respondent's MSJ, Docket Entry No. 16, pp. 6-9.

28 U.S.C. § 2244(d)(1). Because the pending Petition was filed well after April 24, 1996, the one-year limitations period clearly applies. See Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997)).

Because Hughes challenges a state court judgment of conviction, the limitations period began to run pursuant to § 2244(d)(1)(A) on October 3, 2016, when the Supreme Court rejected his petition for a writ of certiorari. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003) (observing that direct review concludes and a conviction becomes final for purposes of § 2244(d)(1)(A) "when the Supreme Court either rejects the petition for certiorari or rules on its merits"). That date triggered the statute of limitations, which expired one year later on October 3, 2017. As a result, the pending Petition that was submitted for filing on May 8, 2018, is barred by the statute of limitations unless a statutory or equitable exception applies.

B. The Availability of Tolling Under 28 U.S.C. § 2244(d)(2)

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending shall not count toward the limitations period on federal habeas review. The state habeas corpus Application filed by Hughes on November 29, 2016, and denied on March 29, 2017, tolled the limitations period for 121 days, which extended his deadline to seek federal review until

February 1, 2018. Even with this extension of time the pending Petition filed on May 8, 2018, is late by more than three months and must therefore be dismissed unless Hughes establishes that some other statutory or equitable basis exists to excuse his failure to comply with the statute of limitations on federal habeas review.

## C. There is No Other Basis for Statutory or Equitable Tolling

Hughes has filed a Response to the Respondent's MSJ (Docket Entry No. 17), but none of his arguments contain grounds for additional statutory or equitable tolling. Hughes does not assert that he was subject to state action that impeded him from filing his Petition in a timely manner. See 28 U.S.C. § 2244(d)(1)(B). Likewise, none of his claims are based on a constitutional right that has been newly recognized by the Supreme Court. See 28 U.S.C. § 2244(d)(1)(C). Moreover, none of his claims raise a constitutional issue that is based on a "new factual predicate" that could not have been discovered previously if the petitioner had acted with due diligence. See 28 U.S.C. § 2244(d)(1)(D).

In addition, the record confirms that Hughes waited over a year after his state habeas Application was denied on March 29, 2017, to file his pending federal Petition on May 8, 2018. It is well established that equitable tolling is not available where the petitioner squanders his federal limitations period. See, e.g., Ott v. Johnson, 192 F.3d 510, 514 (5th Cir. 1999). Hughes has not otherwise demonstrated that he pursued federal review of his claims

with due diligence or that "'some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005)). Therefore, equitable tolling is not available to preserve federal review.

Because Hughes fails to establish that an exception to the AEDPA statute of limitations applies, the Respondent's MSJ will be granted and the Petition will be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the

district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. Respondent's Motion for Summary Judgment (Docket Entry No. 16) is **GRANTED**.

2. Petitioner's Motion for Summary Judgment (Docket Entry No. 4) and Petitioner's Motion in Response to Respondent's Motion for Summary Judgment (Docket Entry No. 17) are **DENIED**.

3. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Oliver K. Hughes (Docket Entry No. 1) is **DISMISSED with prejudice**.

4. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 6th day of September, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE